496 A.2d 1207

**COMMONWEALTH of Pennsylvania**

v.

**Randall COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1984.

Filed Aug. 9, 1985.

482

Carmela R. M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

BROSKY, Judge:

This appeal is from the judgment of sentence imposed after a jury found appellant guilty of simple assault. Appellant contends that: (1) the court below erred in refusing his requested jury instruction; and (2) the lower court did not adequately set forth, on the record, its reasons for the sentence. We agree with appellant's first contention and, accordingly, vacate the judgment of sentence and remand for a new trial.

On May 29, 1982, appellant was involved in a car accident. Both drivers left their vehicles. At trial, conflicting testimony was presented as to the events occurring after the drivers emerged from the cars.

The victim, Douglas Snyder, testified that he got out on the passenger's side of his car and saw appellant coming out of his car yelling that Snyder had hit his car. He also stated that appellant had then punched him in the head and kicked him after he had fallen to the ground. He further testified that he had remained calm and had not hit or threatened appellant by word or gesture.

Appellant testified that Snyder had come out of his vehicle with his hands up, ready to fight. He stated that a fight then ensued and that he left the scene after apparently winning the fight.

A disinterested bystander, Donald Glover, testified that he had observed the accident and that he had seen Snyder come out of his car and charge at appellant. He also stated that a fight had then ensued, but that he had not seen who had thrown the first punch.

The jury found appellant guilty of simple assault on November 16, 1982. Post verdict motions were timely filed and denied and, on December 20, 1982, appellant was sen-

tenced to one to twenty-three months imprisonment. This appeal timely followed.

Appellant argues that the trial court erred in failing to grant his request to charge the jury as to the grade of simple assault as a third degree misdemeanor in addition to the instruction on the crime as a second degree misdemeanor. We agree.

Simple assault is defined under 18 Pa.C.S. § 2701 as follows:

2701. Simple Assault

(a) Offense defined—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

(b) Grading—Simple assault is a misdemeanor of the second degree unless committed in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree. (Emphasis supplied).

In its charge, the trial court instructed the jury as to § 2701(a). The court also charged the jury as to appellant's claim of self-defense, including the fact that in order to qualify for a claim of self-defense an actor confronted by nondeadly force must not use excessive force in retaliation, see *Commonwealth v. Jones*, 231 Pa.Super. 300, 332 A.2d 464 (1974). However, when, at the close of the instructions, appellant requested the trial court to also charge the jury as to § 2701(b), the court refused to do so.[1]

1. The relevant portion of the trial court's charge was as follows: The victim's story, if you believe his story, you have a reasonable doubt, I think you would obviously have to find the defendant guilty because as I recall the victim, Mr. Snyder from what he says he didn't do anything. He got out of the car and got hit a couple of times, fell down, got up, and got hit again, got kicked again. If you find that to be what actually did happen, your verdict would be guilty against this defendant. But if you consider the testimony of the defendant and his witnesses and all the testimony together and

We find, and the lower court treated, appellant's request as analogous to a request for an instruction on a lesser included offense. As with an instruction on a lesser included offense, appellant's requested instruction would have given him the benefit not of the possibility that the jury would find him not guilty, but rather of the possibility that it would find him guilty of an offense carrying a less severe sentence.[2]

A trial court, however, has no obligation to charge upon law which has no application to the evidence presented at trial. *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273 (1976). It must only charge on a lesser included offense if there is some disputed evidence concerning an element of the greater charge or if the undisputed evidence is capable of more than one rational inference. See *Commonwealth v. Channell,* 335 Pa.Super. 438, 484 A.2d 783 (1984).

In the instant case, the trial court concluded that it would not charge on § 2701(b) because there was no evidence

come to a different conclusion, if you come to the conclusion that the defendant is telling the truth, that he didn't start anything, that he walked out there and he was hit, so to try and protect himself he hit the victim and kicked him because if they're on the ground they're more dangerous, he didn't explain that, but he said something about martial arts which I know nothing about, maybe you do. He then said the victim got up and he hit him again and kicked him and then realized he could get away so he got away. If you believe that story, of course, the defendant would be not guilty, you would be justified that he did not over do [sic] it. The person is attacked, he has a right to defend himself, but he can only use such powers as necessary to defend himself. He can't try to kill somebody because he comes up and hits you, but your [sic] are allowed, if they don't run away, you are allowed to use enough force to protect your own skin and perhaps—But as I understood it, he was explaining how he was protecting himself. So you determine what actually did happen and determine whether or not the Commonwealth has met its burden.

2. Under 18 Pa.C.S. § 1104, a misdemeanor of the second degree is punishable by a maximum sentence of two years imprisonment, while a third degree misdemeanor is punishable by a maximum of one year's imprisonment.

presented to the jury that the fight was entered into by mutual consent. We find that conclusion to be erroneous.

First, we believe the testimony of the bystander, Donald Glover, would have supported an inference that the fight was entered into by mutual consent. Even had there not been this testimony, we believe appellant would have been entitled to the desired instruction. The jury also could have found that the victim was the initial aggressor and that appellant had begun to act in self-defense, but had used excessive force in doing so. Under that version of the events, we believe that the fight must be considered as one which was entered into by mutual consent.

Certainly, accepting appellant's story, the victim consented to enter into the fight. While appellant, according to his own testimony, cannot be said to have initially consented to the fight in the sense that he began acting in order to protect himself, if he is to be deprived of a claim of self-defense because of use of excessive force, the fight should be considered as one which was entered into by mutual consent. To hold otherwise would unfairly place a defendant who began to act in self-defense, but who forfeits that defense because of use of excessive force, in a worse position than a defendant who uses exactly the same force but who had initially consented to the fight. We believe actors in both situations are equally culpable and, therefore, hold that the trial court should have instructed the jury that, if it found that appellant had initially acted in order to protect himself, but had used excessive force in doing so, it should find him guilty of simple assault as a third degree misdemeanor.[3]

Accordingly, the judgment of sentence is vacated and the case is remanded for a new trial consistent with our opinion. Jurisdiction relinquished.

**3.** In light of our holding, we need not consider appellant's second contention.