614 A.2d 1198

**COMMONWEALTH of Pennsylvania**

v.

**Robert HAWKINS, Appellant.**

Superior Court of Pennsylvania.

Argued June 1, 1992.

Filed Sept. 24, 1992.

38

Owen Larrabee, Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, Presiding Judge, and WIEAND, CIRILLO, OLSZEWSKI, MONTEMURO, POPOVICH, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CIRILLO, Judge.

Robert Hawkins appeals from a judgment of sentence entered on September 14, 1990 in the Philadelphia County Court of Common Pleas. We reverse and remand for a new trial.

Hawkins was charged with rape, involuntary deviate sexual intercourse and related charges as a result of his encounter with the victim, W.G., on July 6, 1989. On April 3, 1990, a jury convicted Hawkins of attempted involuntary deviate sexual intercourse. *See* 18 Pa.C.S. §§ 3101, 3123, 901. Hawkins was acquitted of the rape charge. Post-verdict motions were filed and denied and Hawkins was sentenced to five to ten years imprisonment. This timely appeal followed. On appeal, Hawkins raises the following issues:

1. Was not the evidence insufficient as a matter of law to establish that appellant was guilty of attempted involuntary deviate sexual intercourse where the appellant kissed the complainant's vagina, but did not penetrate, inasmuch as there was insufficient evidence of the intent to perform anything more than an indecent assault?

2. Did not the trial court err, violating appellant's state and federal constitutional right to due process, when he refused to instruct the jury on the lesser included offense of indecent assault, but only upon the greater offense of attempted involuntary deviate sexual intercourse, inasmuch as the evidence would clearly support such a conviction for the lesser offense?

3. Did not the trial court err by refusing to give any instruction at all as to the negative effect of prior inconsistent statements on witness credibility?

■ Initially, Hawkins argues that the evidence was insufficient to prove the crime of attempted involuntary deviate sexual intercourse beyond a reasonable doubt. *See* 18 Pa.C.S. §§ 901, 3101, 3123. An attempt requires proof that the actor, "with intent to commit a specific crime, ... does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). The crime of involuntary deviate sexual intercourse requires "some penetration however slight." 18 Pa.C.S. §§ 3101, 3123. Here, Hawkins argues that the evidence only established that he kissed the complainant's vagina. As such, Hawkins contends that the evidence was insufficient to prove that he intended to orally penetrate the complainant's vagina.

■ When presented with a challenge to the sufficiency of the evidence, we are required to view the evidence in the light most favorable to the verdict winner and draw all reasonable inferences therefrom to determine if there is sufficient evidence to find every element of the crime charged. *Commonwealth v. Fromal*, 392 Pa.Super. 100, 572 A.2d 711 (1990). The complainant testified that Hawkins kissed her vagina. From this evidence, the jury could certainly infer Hawkins's intent to penetrate her vagina with his tongue, or to force the act of cunnilingus upon her.[1] *See Commonwealth v. Vanderlin*, 398 Pa.Super. 21, 35–37, 580 A.2d 820, 828–829 (1990) (the jury could conclude that defendant attempted involuntary deviate sexual intercourse from the evidence establishing that the defendant touched the victim's mouth with his penis); *see also Commonwealth v. Westcott*, 362 Pa.Super. 176, 523 A.2d

---

1. We note that the term "penetration, however slight" is not limited to penetration of the vagina; entrance in the labia is sufficient. *See Commonwealth v. Ortiz*, 311 Pa.Super. 190, 457 A.2d 559 (1983) (twelve-year old victim's testimony that defendant had licked her vagina was sufficient to support defendant's conviction for involuntary deviate sexual intercourse); *Commonwealth v. Hornberger*, 199 Pa.Super. 174, 178, 184 A.2d 276, 279 (1962) ("the testimony of the prosecutrix that the appellant put his mouth on her vagina was sufficiently descriptive to establish the element of penetration."); *see generally Commonwealth v. McIlvaine*, 385 Pa.Super. 38, 46–47, 560 A.2d 155, 159 (1989) (discussing "penetration"). This particular issue, however, is not before us since Hawkins was acquitted of involuntary deviate sexual intercourse, and convicted only of attempted involuntary deviate sexual intercourse.

1140 (1987) (cunnilingus is one of the acts proscribed by section 3123 of the Crimes Code). We conclude, therefore, that the evidence was sufficient to support Hawkins's conviction for attempted involuntary deviate sexual intercourse. *Fromal, supra.*

 Next, Hawkins argues that the trial court committed reversible error in refusing his request for a jury instruction on the lesser included offense of indecent assault. *See* 18 Pa.C.S. § 3126. A trial court must charge on a lesser included offense if there is some disputed evidence concerning an element of the greater charge or if the undisputed evidence is capable of more than one rational inference. *Commonwealth v. Coleman,* 344 Pa.Super. 481, 496 A.2d 1207 (1985); *Commonwealth v. Channell,* 335 Pa.Super. 438, 484 A.2d 783 (1984). "It is not error ... for a judge to refuse to instruct the jury on the lesser included offense *unless the evidence could support a conviction on the lesser offense.*" *Commonwealth v. Wilds,* 240 Pa.Super. 278, 287, 362 A.2d 273, 278 (1976) (emphasis added). *Cf. Commonwealth v. Sirianni,* 286 Pa.Super. 176, 428 A.2d 629 (1981) (in prosecution for aggravated assault, court of common pleas properly refused defendant's request to charge the jury on simple assault as the lesser included offense where defendant followed the victim, pulled a gun and shot twice at the victim at point-blank range, one shot hitting the victim in the arm and the other missing the victim's head by inches).

The trial court concluded that there was no indication that the offense of indecent assault was committed rather than the greater offense of involuntary deviate sexual intercourse, and thus a charge on indecent assault was not warranted. The Commonwealth does not dispute that indecent assault is a lesser included offense of involuntary deviate sexual intercourse. The Commonwealth asserts that the trial court properly refused the indecent assault instruction "because there was no evidence of indecent assault[.]" The Commonwealth's argument, however, misconstrues the language of the indecent assault statute as well as the recent case law interpreting the

term "indecent contact," an element of indecent assault. *See* 18 Pa.C.S. §§ 3101, 3126.

Hawkins contends that "[a] jury could, after hearing the evidence, rationally conclude that appellant possessed only the intent to indecently assault his victim by nonconsensual sexual touching, . . . and did, in fact, irrespective of intent, complete or attempt only indecent assault and not the greater offense of involuntary deviate sexual intercourse." We are inclined to agree.

The evidence at trial established that the complainant was in a "crack house" in Philadelphia when she met Hawkins. Thereafter, the victim voluntarily accompanied Hawkins and they proceeded to another crack house. When the complainant wanted to leave, Hawkins told her she could not. A struggle ensued. Hawkins then forced the complainant onto the couch, told her he wanted to have sex with her, and ordered her to remove her shorts and her bra. The complainant refused and Hawkins hit her with a blunt object.

The complainant testified that Hawkins had vaginal intercourse with her five times. She also testified that Hawkins kissed her vagina and that she pushed him away. Additionally, the complainant testified that Hawkins placed his penis near her rectum, and she again pushed him away, and that Hawkins demanded that she perform oral sex on him, but she refused. When Hawkins fell asleep, the complainant escaped and contacted the police.

At the conclusion of the evidence, the trial court permitted the charges of attempted involuntary deviate sexual intercourse and rape to go to the jury. Hawkins was found not guilty of rape, and guilty of attempted involuntary deviate sexual intercourse.

Our review of the record supports Hawkins's claim that the undisputed evidence is capable of more than one rational inference. The jury could have rationally concluded that Hawkins was guilty of either attempted involuntary deviate

sexual intercourse or indecent assault. *Coleman, supra; Wilds, supra.*

Involuntary deviate sexual intercourse is defined as

Sexual intercourse per os or per anus between human beings who are not husband and wife, except as provided in section 3128 (relating to spousal sexual assault), and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical hygienic or law enforcement procedures.

18 Pa.C.S. § 3101. Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." *Id.* The offense of indecent assault is defined as follows:

A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person[.]

\* \* \* \* \* \*

18 Pa.C.S. § 3126. Indecent contact is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101.

In *Commonwealth v. Grayson,* 379 Pa.Super. 55, 549 A.2d 593 (1988), this court construed the term "touch" as it is used in the definition of "indecent contact" under 18 Pa.C.S. § 3101. At the conclusion of its analysis, this court stated:

Properly construed, the statute provides that if *any* part of a victim's body is brought into contact with a sexual or intimate part of the defendant's body, without the victim's consent, for the purpose of arousing or gratifying the sexual desire in either person, such contact constitutes indecent contact. Likewise, if a sexual or intimate part of the victim's body is brought into contact with *any* part of the

defendant's body, without the victim's consent, for the purpose of arousing or gratifying the sexual desire in either person, such contact constitutes indecent contact.

*Id.,* 379 Pa.Super. at 61, 549 A.2d at 596 (emphasis in original). Additionally, whether the offender is touching a sexual or intimate part of the victim's body, or the offender is forcing the victim to touch a sexual or intimate part of his body, the act of "touching," as construed by the *Grayson* court, is not limited to the hand or finger. *Id.*

"The separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim." *Commonwealth v. Capers,* 340 Pa.Super. 136, 143, 489 A.2d 879, 882 (1985). Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act. Moreover, the case law does not evince a definitive judicial interpretation that the statutory offense of indecent assault does not encompass conduct such as "kissing the vagina," or conduct falling short of penetration, whether it be of the vagina or the anus. *See Commonwealth v. Grayson, supra* (where defendant brushed his penis against the underside of the victim's jaw, evidence supported conviction of indecent assault). Clearly, it does not strain logic to reason that when Hawkins kissed the victim's vagina, bringing his mouth into contact with a sexual part of the victim's body, his conduct fell within the statutory prohibitions of the indecent assault statute. 18 Pa.C.S. §§ 3101, 3126. "[I]f it is rational for the jury to render a verdict of not guilty of the greater offense but guilty of the lesser, it is incumbent upon the judge to instruct the jury on the law related to the constituent offense if so requested by counsel." *Commonwealth v. Wilds,* 240 Pa.Super. at 288, 362 A.2d at 278. Thus, the trial court's failure to give the requested instruction on indecent assault deprived Hawkins of the possibility that the jury would find him guilty

of an offense carrying a less severe sentence.[2] *Coleman, supra; see also Commonwealth v. Jordan,* 407 Pa. 575, 181 A.2d 310 (1962); *Commonwealth v. Soudani,* 398 Pa. 546, 159 A.2d 687 (1960), *cert. denied, Soudani v. Pennsylvania,* 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960); *Commonwealth v. Wilds, supra.*

The Commonwealth also argues that because Hawkins denied all criminal activity and maintained that the victim consented to sexual relations, his request for an instruction on the lesser offense was properly denied. The Commonwealth cites the case of *Commonwealth v. Mayfield,* 401 Pa.Super. 560, 585 A.2d 1069 (1991) (en banc) to support this argument.

In *Mayfield,* the defendant was convicted of aggravated assault and possession of an instrument of crime. On appeal, this court affirmed the judgment of sentence. Mayfield petitioned for permission to appeal and the Pennsylvania Supreme Court remanded for a determination of whether the defendant was entitled to an instruction on self-defense. This court, sitting en banc, concluded that Mayfield was indeed entitled to a self-defense instruction because there was evidence which, if believed, would have justified a finding of self-defense. The court vacated the judgment of sentence and remanded for a new trial. *Mayfield,* 401 Pa.Super. at 579, 585 A.2d at 1078.

The rationale of *Mayfield* does not compel the conclusion that Hawkins is not entitled to a lesser included offense instruction simply because he denied all criminal activity. We find that the Commonwealth's reliance upon *Mayfield* is misguided. As a general principle, where evidence supports a theory of defense the defendant, upon request, is entitled to

---

2. Involuntary deviate sexual intercourse is graded as a felony of the first degree, 18 Pa.C.S. § 3123, punishable by a term of imprisonment of not more than twenty years. *See* 18 Pa.C.S. § 1103(1). Hawkins was convicted of attempted involuntary deviate sexual intercourse, which is punishable by a term of imprisonment of not more than *ten years. See* 18 Pa.C.S. § 1103(2); *see also* 18 Pa.C.S. § 905(a) ("An attempt, solicitation or conspiracy to commit murder or a felony of the first degree is a felony of the second degree."). Indecent assault is graded as a misdemeanor of the second degree, 18 Pa.C.S. § 3126, and is punishable by a term of imprisonment of up to *two years. See* 18 Pa.C.S. § 1104(2).

an instruction on that theory. *See* 75A Am.Jur.2d Trial § 1079. If, however, the defendant presents evidence which is inconsistent with his defense, or inconsistent with another defense, there exists "the possibility for absurd results." *Id.,* 401 Pa.Super. at 572, 585 A.2d at 1074. *See Commonwealth v. Webster,* 490 Pa. 322, 416 A.2d 491 (1980); *Commonwealth v. Terrell,* 276 Pa.Super. 136, 419 A.2d 133 (1980). The *Mayfield* court explained the rationale for precluding an instruction which might confuse the jury or lead to absurd results with the following illustration:

> For instance, a defendant could request that the jury consider self-defense while at the same time claiming a defense of mistaken identity or alibi. Even in closer cases, such as those in which the facts present a case for an accidental shooting, a request for an instruction on self-defense has been denied as being inconsistent unless the circumstances of the case allow that the accidental injury or death occurred within the course of the actor defending himself.

*Id.* 401 Pa.Super. at 572, 585 A.2d at 1074. In charging a jury, "it is the primary duty of the trial judge to clarify issues so that the jury may understand the question to be resolved." *Commonwealth v. Beach,* 438 Pa. 37, 40, 264 A.2d 712, 714 (1970) (citing *Commonwealth v. Meas,* 415 Pa. 41, 202 A.2d 74 (1964)). The justification for precluding an instruction on a defense which is either inconsistent with another defense theory, or not supported by the evidence is, of course, to insulate the jury from confusion. "Instructions which mislead or confuse a jury by making improper or inaccurate comment on the evidence in a case may effect a greater error than the giving of no instruction at all." *Mayfield,* 401 Pa.Super. at 573, 585 A.2d at 1075. That rationale, however, is not applicable in a case involving a lesser included offense such as this, nor is the source of concern present here. Hawkins did not present conflicting defenses. Further, an instruction on the lesser included offense of indecent assault does not offend the evidence presented. *Wilds, supra; see also Commonwealth v. Jordan,* 407 Pa. 575, 181 A.2d 310 (1962); *cf. Commonwealth v. Schaller,* 493 Pa. 426, 431, 426 A.2d 1090, 1093 (1981) (trial

court "should charge only on those points and issues which arise out of the evidence and arguments presented"). The Commonwealth's argument that Hawkins's request for an instruction conflicts with his defense is, consequently, untenable.

We hold, therefore, that the trial court erred in refusing Hawkins' request for a jury instruction on the lesser included offense of indecent assault. Because our disposition requires a new trial, we find it unnecessary to address Hawkins' final claim.

Reversed and remanded for a new trial. Jurisdiction relinquished.

OLSZEWSKI, J., files a dissenting statement.

OLSZEWSKI, Judge, dissenting.

Although I give due regard to the reasoning of the majority, I believe the facts of this case do not support a charge on the lesser offense of indecent assault. Accordingly, I must respectfully dissent. The victim testified that appellant kissed her vagina. The trial court allowed the jury to consider charges of attempted involuntary deviate sexual intercourse and rape to go to the jury. My reading of the caselaw in this area indicates that the act of kissing the victim's vagina would support the charge of involuntary deviate sexual intercourse. *See,* Opinion by Cirillo, J., at note 1 (collecting cases). It is unclear why the trial court limited the jury's consideration of the charge of involuntary deviate sexual intercourse to attempt. Since I find that there was no dispute regarding whether the contact involved was sufficient to support the penetration element of involuntary deviate sexual intercourse, I find that appellant was not entitled to an instruction on the lesser offense of indecent contact. I would affirm the judgment of sentence.