J-A22016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CARL GAMBY | : | |
| | : | |
| Appellant | : | No. 1813 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002561-2019

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:      **FILED: JANUARY 12, 2021**

Appellant, Carl Gamby, appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County. We affirm.

The trial court summarized the factual and procedural history of this case as follows:

Factual Background

     March 28, 2019, was [Appellant's] second day at a new job working for the Econo Lodge on Eisenhower Boulevard in Swatara Township, Dauphin County. It was also the first time that he met [K.A., the victim], an experienced employee who was to help train [Appellant] as they worked together during the evening shift. (N.T. 9/11 & 12/19 p. 14). From 4:00 p.m. to approximately 7:30 p.m., [Appellant] interacted professionally with [K.A.]. At 7:30 p.m. [Appellant] excused himself to ostensibly take a cigarette break. (N.T. 9/11 & 12/19 pp. 15-16). He next went to the restroom where he injected himself with what he testified was likely fentanyl and bath salts. (N.T. 9/11 & 12/19 p. 60).

     [K.A.] immediately suspected something was wrong when [Appellant] stumbled out of the restroom. [Appellant] then

grabbed [K.A.] from behind with his arm around her neck and kissed [K.A.] on her neck. (N.T. 9/11 & 12/19 pp. 16-17). Next, he proceeded to take off his shirt. As [K.A.] tried to text her boss for help, [Appellant] inserted himself between the desk and [K.A.] and repeatedly requested to kiss her. (N.T. 9/11 & 12/19 p. 18).

[K.A.] stood up and attempted to get away from [Appellant] as he advanced and tried to touch [K.A.]. She yelled, "You need to get away from me. Stop. Don't touch me." (N.T. 9/11 & 12/19 p. 19). When she had an opportunity, [K.A.] left the lobby area and went outside to her car at the same time she was calling 911. (N.T. 9/11 & 12/19 pp. 19-20). The Commonwealth played for the jury a videotape of this series of interactions that occurred inside the Econo Lodge. (Commonwealth's exhibit 1; N.T. 9/11 & 12/19 pp. 22-24). As [K.A.] was leaving, [Appellant] said to her, "Before you leave, I just want to show you something. And that's when he started to take his pants off." (N.T. 9/11 & 12/19 p. 24).

As video footage from outside the hotel documented, [Appellant] ran after [K.A.] when she fled to her car. (Commonwealth's exhibit 1). [K.A.] locked herself in her vehicle and attempted to leave. [Appellant], now totally naked, pressed himself against the car. (N.T. 9/11 & 12/19 pp. 25-26). He shook [K.A.'s] car and demanded, "You have to stay. You have to come out and talk to me." (N.T. 9/11 & 12/19 p. 26). [Appellant] continued to hold onto the car as [K.A.] drove away. (N.T. 9/11 & 12/19 p. 26). [K.A.] drove to the police station, which is a short distance away at the Swatara Township building. When Officer Neve met her, he observed that [K.A.] was extremely frightened. (N.T. 9/11 & 12/19 p. 49). Neve noted and photographed handprints on the driver's side windows. (Commonwealth's exhibits 3 & 4). When the police arrested [Appellant], it was noted that he had an abrasion on his penis like a "road rash." (N.T. 9/11 & 12/19 p. 51). The police also documented that [Appellant's] clothes were left across the floor of the hotel lobby, and that he had left a syringe on the restroom sink. (Commonwealth's exhibits 5, 6, & 7).

During his testimony, [Appellant] freely admitted to injecting himself with what he then thought was heroin, but now believes was fentanyl and bath salts. (N.T. 9/11 & 12/19 p. 60). The charges of possession of drug paraphernalia and indecent exposure were essentially conceded at trial. (N.T. 9/11 & 12/19

p. 66). [Appellant] maintained that he was not guilty of indecent assault, however, the jury found otherwise.

Procedural History

Following his arrest on March 28, 2019, [Appellant] was charged with indecent assault without consent,[1] indecent exposure,[2] use or possession of drug paraphernalia,[3] and public drunkenness and similar misconduct.[4] A jury trial was conducted on the first three of these charges on September 11 and 12, 2019, and following the jury's return of guilty verdicts on these counts, [Appellant] was immediately sentenced. [Appellant] filed a post-[sentence] motion on September 17, 2019, challenging the sufficiency of evidence to support his conviction of indecent assault. The court denied the post-sentence motion on October 3, 2019, and [Appellant] filed a timely notice of appeal on October 30, 2019.

> [1] 18 Pa.C.S. § 3126(a) (1)
> [2] 18 Pa.C.S. § 3127(a)
> [3] 35 [P.S.] § 780-113(a)(32)
> [4] 18 Pa.C.S. § 5505

Trial Court Opinion, 12/9/19, at 1-3. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

The evidence was insufficient to sustain a conviction for indecent assault under 18 Pa.C.S. § 3126 when [Appellant] did not touch the "sexual or other intimate parts" of the victim's body within the definition of "indecent contact" set forth at 18 Pa.C.S. § 3101[.]

Appellant's Brief at 4 (full capitalization omitted).[1]

---

[1] We note that Appellant has presented three sub-arguments in his appellate brief. Appellant's Brief at 11-25. However, we only need address the second sub-argument in the body of this memorandum.

In his sole issue, Appellant argues that the Commonwealth failed to present sufficient evidence to support his conviction of indecent assault. Appellant's Brief at 11-25. Specifically, Appellant contends that his conduct of kissing the victim's neck did not satisfy the element of touching the "sexual or other intimate parts" of the victim. *Id*. at 17-20. Although Appellant concedes that pertinent case law interprets "sexual or other intimate parts" as encompassing body parts other than the genitals and breasts, he posits

_____

In his first subargument, Appellant claims that his conviction for indecent assault cannot be sustained on the basis that the evidence was sufficient to prove **attempted** indecent assault. *Id*. at 12-17. Although Appellant was convicted of the **completed** crime of indecent assault and not **attempted** indecent assault, Appellant alleges that the Commonwealth may argue for a conviction of attempted indecent assault on appeal. *Id*. at 13. Appellant notes that he presents this sub-argument "as a preliminary matter" in order to "address that possibility." *Id*. However, the Commonwealth has not presented such an argument. Accordingly, we need not address Appellant's claim challenging a crime with which he was not convicted, *i.e.*, attempted indecent assault.

In his final sub-argument, Appellant claims that if case law is construed as interpreting the statutory phrase, "sexual or other intimate parts" as being any body part, then those decisions should be overturned. *Id*. at 21-25. Appellant contends that such a reading of the statute is in contravention with the Model Penal Code, and should be abrogated by an *en banc* panel of this Court or by the Pennsylvania Supreme Court. *Id*. at 21. We observe that we must follow the decisional law established by our own Court. **Commonwealth v. Santiago**, 980 A.2d 659, 666 n.6 (Pa. Super. 2009). Therefore, Appellant is correct that unless or until the relevant case law is overturned by an *en banc* panel of this Court, or by a decision of the Pennsylvania Supreme Court, it continues to be viable precedent for this Court and for the courts of common pleas. *Id*. Accordingly, we decline to address this sub-argument without prejudice to Appellant's ability to present the claim in a properly filed application for reargument/hearing *en banc*. I.O.P. 65.38.

that those cases involved conduct by the defendants that was more intrusive and prolonged than that which occurred in this case. *Id*. at 17-18.

Our standard of review is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

The relevant indecent assault statute provides as follows.

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> > (1) the person does so without the complainant's consent[.]

18 Pa.C.S. § 3126(a)(1). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing

- 5 -

or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. Furthermore, we are mindful that our legislature has also specified that "[t]he alleged victim need not resist the actor" in prosecutions of sexual offenses. 18 Pa.C.S. § 3107. In addition, we observe that the offense of indecent assault does not require the victim to be touched for a particular length of time. 18 Pa.C.S. § 3126(a)(1).

Also, we previously have held that areas of the body other than the genitalia, buttocks, or breasts can be intimate parts of the body as contemplated by the indecent assault statute when touched for sexual gratification. **See Commonwealth v. Fisher**, 47 A.3d 155, 158 (Pa. Super. 2013) (holding evidence sufficient to sustain indecent assault conviction where the appellant licked backs of the victim's legs from her ankles to just below her buttocks for the purpose of sexual gratification); **Commonwealth v. Provenzano**, 50 A.3d 148, 153 (Pa. Super. 2012) (affirming indecent assault conviction where the defendant exchanged passionate kisses with the mentally challenged minor victim who sat on his lap); **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006) (holding evidence was sufficient to convict the defendant of indecent assault where he wrapped his arms around the victim and inserted his tongue into her mouth because act would not occur outside of context of sexual or intimate situation); **Commonwealth v. Capo**, 727 A.2d 1126, 1127-1128 (Pa. Super. 1999) (upholding indecent assault conviction where the appellant kissed the victim's face and neck, and rubbed

- 6 -

her shoulders, back, and stomach). *See also **Commonwealth v. Capers***, 489 A.2d 879 (Pa. Super. 1985) (affirming the defendant's conviction for indecent assault where evidence supported conclusion that defendant's conduct was motivated, at least in part, by intent to arouse or gratify sexual desire in himself or victim).

Further, the crime of indecent assault does not depend on the degree of success achieved by the attacker. *See **Capo***, 727 A.2d at 1128 (stating "[the appellant's] inability to achieve more intimate contact than was in fact accomplished does not make that assault equivocal or lessen its indecency").

The trial court offered the following analysis of Appellant's challenge to the sufficiency of the evidence:

> In his argument, [Appellant] focuses on the moment that he kissed the victim's neck and maintains that the neck does not constitute an intimate part of the body and thus cannot constitute the indecent contact needed to sustain his conviction of indecent assault. The case of ***Commonwealth v. Capo***, 727 A.2d 1126 (Pa. Super. 1999) addressed this exact issue. In ***Capo***, the defendant kissed the victim's face and neck. He further rubbed her shoulders, back, and stomach until the victim was able to pull away. ***Id***. at 1127. The Superior Court noted that "[t]he language of the statutory section defining indecent contact includes both 'sexual' and 'other intimate parts' as possible erogenous zones for purposes of prosecution." ***Id***. at 1127. Determining whether the charged behavior was criminal or merely unwelcome was further illuminated by Capo's "increasingly intrusive gestures." ***Id***. at 1128.
>
> ***Commonwealth v. Hawkins***, 614 A.2d 1198 (Pa. Super. 1992) further explained the rationale for the broad language of the statute.
>
> > The separate crime of indecent assault was established because of a concern for the outrage,

disgust, and shame engendered in the victim rather than because of physical injury to the victim. Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

*Id*. at 1201 (citation and quotation omitted); [*s*]*ee also*, *Commonwealth v. Provenzano*, 50 A.3d 148 (Pa. Super. 2012).

[Appellant] did not plant a friendly but unwelcome kiss on [K.A.'s] cheek. Instead, he wrapped his arm around her neck and kissed the intimate part of her neck just as was done in *Capo*. By grabbing the victim, disrobing, placing himself in front of the victim, continuing efforts to kiss the victim, and pursuing her in the nude as she fled, [Appellant] also demonstrated the increasingly intrusive gestures that the Superior Court found instructive in *Capo*. It is also clear that [K.A.] suffered the exact "outrage disgust, and shame" that Section 3126 seeks to prevent as a result of the defendant's conduct. *Hawkins*, *Supra*. While [Appellant] relies on an argument that could be supported by Judge Cirillo's dissent in *Capo*, which would greatly restrict the parts of the body that could be considered "intimate" and narrow the offense of indecent assault, that is not the law of Pennsylvania.

Accordingly, this court is convinced that the record provides sufficient evidence when viewed in the light most favorable to the Commonwealth from which the jury found beyond a reasonable doubt that [Appellant] committed the offense of indecent assault.

Trial Court Opinion, 12/9/19, at 4-5. We are constrained to agree with the trial court's determination.

Our review of the record reflects that on March 28, 2019, Appellant was at his place of employment to work an evening shift along with the victim, who was his co-worker. N.T., 9/11-12/19, at 14. At approximately 7:30 p.m., Appellant used the restroom, and upon his return, he approached the victim from behind, put his arm around her neck, attempted to kiss her, and

ultimately kissed her neck. *Id*. at 14, 17. The victim told Appellant to sit down. *Id*. at 16. While the victim was attempting to text her boss, Appellant took off his shirt and told her that he wanted to kiss her. *Id*. at 18. Appellant continued to approach the victim while she gathered her belongings to leave, and she continually asked him to sit down. *Id*. at 19. The victim eventually fled the premises as she called 911. *Id*. at 19-20. The victim testified that as she was leaving, Appellant said, "Before you leave, I just want to show you something." *Id*. at 24. The victim stated "that's when [Appellant] started to take his pants off." *Id*. Appellant was naked and followed the victim to her car. *Id*. at 25-26. Once safely in her locked vehicle, the victim started her car as Appellant pressed his body against the vehicle. *Id*. Appellant tried to open the passenger door and shook the car. *Id*. Appellant hung on to the victim's car as she pulled away and ran after her as she left the parking lot. *Id*. at 26.

Based on the foregoing, we are satisfied that the jury properly determined that the Commonwealth established that Appellant touched the victim in an intimate part of her body for the purpose of arousing or gratifying sexual desire in either person necessary for the conviction of indecent assault. Thus, we reject Appellant's argument that the evidence presented is insufficient because the incident contact of a single kiss to the victim's neck lasted mere seconds. Accordingly, having reviewed the crime for which

Appellant has been convicted, we conclude that the evidence was sufficient to sustain Appellant's conviction. Hence, Appellant's contrary claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/12/2021