J-A12003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY QUINN RODEHEAVER, SR. | : | |
| | : | |
| Appellant | : | No. 983 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 2, 2021
In the Court of Common Pleas of Fayette County
Criminal Division at CP-26-CR-0000405-2019

BEFORE:  MURRAY, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 20, 2022**

Timothy Quinn Rodeheaver, Sr. (Appellant) appeals from the judgment of sentence imposed after a jury convicted him, with respect to child/victim (A.), of two counts each of involuntary deviate sexual intercourse with a child (IDSI-C), aggravated indecent assault - complainant less than 13 years of age, and indecent assault - person less than 13 years of age; with respect to two children (A. and M.), the jury found Appellant guilty of two counts of corruption of minors.[1]  Upon review, we affirm.

The trial court recounted the underlying facts and procedural history as follows:

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(a)(7), 3126(a)(7), and 6301(a)(1)(ii).

At trial, the Commonwealth presented the testimony from [M.], born [in 2005], and [A.], born [in 2007.] [M.] testified [Appellant] touched her breasts and vaginal area. This had been happening to her for as long as she could remember. She testified that her clothes were on when the touching occurred. She testified that there was never a time when her clothes were off. In December 2019, she and her sister discussed [Appellant] touching them and they then informed their parents.

[A.] testified that [Appellant] began touching her inappropriately when she was seven or eight years of age. On two occasions, [A.] testified that [Appellant] put his mouth on her vaginal area, touching her with his tongue. Both children previously participated in forensic interviews and the video of their interviews was played during the trial.

The Commonwealth also presented the testimony of [] Pennsylvania State Trooper Robert Wilson [Trooper Wilson]. During his testimony, the prosecutor asked [Trooper Wilson] if he had the opportunity to speak with [Appellant] and [Trooper Wilson] responded that he did not. The prosecutor then asked [Trooper Wilson] if he attempted to speak with [Appellant]. [Trooper Wilson] responded to the question by stating "I did. He referred me to his attorney." At that time, defense counsel objected on the basis of [Appellant's] Fifth Amendment right to remain silent and his right to be represented by counsel. After discussion, counsel requested a mistrial and this was denied by the court. A curative instruction was included in the jury instructions. [Appellant] presented character witnesses and then testified himself. There was no questioning of [Appellant] by the prosecution about his failure to respond to [Trooper Wilson's] request for an interview nor was it raised in either counsel's closing arguments.

After a jury trial on May 5-6, 2021, [the jury convicted Appellant of the above crimes]. After the verdict was entered, [Appellant] was sentenced to six (6) to (12) years' incarceration. Thereafter, [Appellant] filed a timely Post Sentence Motion and then an Amended Post Sentence Motion. The [trial c]ourt denied [Appellant's] Post Sentence Motion.

Trial Court Opinion, 10/14/21, at 1-2 (unnumbered) (record citations omitted).

Appellant timely appealed, and both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents two questions for review:

I.    Whether the Commonwealth presented insufficient evidence of penetration, however slight, to sustain the convictions for [IDSI-C] and Aggravated Indecent Assault; thus warranting the entry of the judgment of acquittal?

II.   Whether the [trial c]ourt committed an abuse of discretion in denying [Appellant's] motion for mistrial based upon the prosecuting officer's testimony that [Appellant] did not give a statement to police when contacted, but referred the police to his attorney, as same constituted a violation of [Appellant's] Fifth Amendment right to remain silent and Sixth Amendment right to counsel; thus warranting a new trial?

Appellant's Brief at 6 (reordered for disposition).

In his first issue, Appellant argues the evidence was insufficient to support his convictions of IDSI-C and aggravated indecent assault of a child because the Commonwealth did not prove the penetration element of either crime. Appellant's Brief at 16-18. Appellant argues A.'s testimony that on two occasions, Appellant "put his mouth on me" and his "tongue" touched her "vagina," was insufficient to demonstrate "any actual penetration." *Id.* at 17; N.T., 5/5/21, at 35. We disagree.

Pertinently:

We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence.

In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations omitted).

A person is guilty of IDSI-C "when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b). Deviate sexual intercourse is "[s]exual intercourse per os or per anus between human beings[.]" 18 Pa.C.S.A. § 3101.

A person is guilty of aggravated indecent assault of a child when the person engages "in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures[.]" 18 Pa.C.S.A. § 3125(b). This Court has determined "that the term 'penetration, however slight' is not limited to penetration of the vagina; entrance in the labia is sufficient." *Commonwealth v. Hawkins*, 614 A.2d 1198, 1200 n.1 (Pa. Super. 1992) (citations omitted).

Penetration may be proven by circumstantial evidence. *See Commonwealth v. Wall*, 953 A.2d 581, 584 (Pa. Super. 2008). Further, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999); *see also Commonwealth v. Trimble*, 615 A.2d 48, 50 (Pa. 1992) (testimony of child victim alone may support conviction for sex offenses). Also, the Commonwealth is not required to present forensic

evidence of penetration. *See Commonwealth v. Gibson*, 951 A.2d 1110, 1140 (Pa. 2008) (no constitutional requirement for police to conduct forensic analysis of evidence).

Here, A. testified in response to the Commonwealth's questions as follows:

> [Commonwealth]: Okay. [A.], you testified about [Appellant] touching you over the clothes, was there ever a time that he would touch you without the clothes on?
>
> [A.]: Once, like, twice.
>
> [Commonwealth]: What would he do during those two instances?
>
> [A.]: Put his mouth on me.
>
> [Commonwealth]: What part of his mouth would touch what part of your body?
>
> [A.]: My vagina.
>
> [Commonwealth]: And can you explain in a little more detail how that happened?
>
> [A.]: It happened.
>
> [Commonwealth]: Okay. Did he – what part of his mouth?
>
> [A.]: Tongue.
>
> [Commonwealth]: And that was under your clothes?
>
> [A.]: Yes.

N.T., 5/5/21, at 35.

The above testimony, if credited by the jury, was sufficient to prove penetration. *See Commonwealth v. Ortiz*, 457 A.2d 559, 561 (Pa. Super.

1983) ("entrance in the labia is sufficient" to constitute penetration). As the evidence was sufficient for the jury to convict Appellant of IDSI-C and aggravated indecent assault, his first issue lacks merit.

In his second issue, Appellant claims the trial court erred in denying his motion for a mistrial after Trooper Wilson testified Appellant "referred the police to his attorney when he attempted to speak with [him]." Appellant's Brief at 12. Appellant argues:

> By allowing the trial to continue, the jury was free to speculate or infer guilt even with the cautionary instruction given as to why [Appellant] would not at a minimum categorically and immediately deny the horrible accusations against him if he was in fact not guilty and as to why a not guilty person would already have retained counsel.

*Id.* at 15.

We review the denial of a motion for mistrial for an abuse of discretion. *Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011). We have explained:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. It is also settled that **a mistrial is not necessary where cautionary instructions are adequate to overcome any potential prejudice**.

*Commonwealth v. Gilliam*, 249 A.3d 257, 274 (Pa. Super. 2021) (emphasis added, citations omitted), *appeal denied*, 267 A.3d 1213 (Pa. 2021). Courts

"must consider all surrounding circumstances before finding that curative instructions were insufficient and the extreme remedy of a mistrial is required." ***Commonwealth v. Manley***, 985 A.2d 256, 266 (Pa. Super. 2009) (citation omitted).

This Court recently summarized case law pertaining to testimony referencing a defendant's silence. We stated:

> In ***Commonwealth v. Adams***, 628 Pa. 600, 104 A.3d 511 (2014), our Supreme Court found harmless error where the prosecutor elicited testimony that referenced the defendant's post-arrest silence because the reference was "contextual and brief and did not highlight [d]efendant's silence as evidence of guilt," where the Court found "it was simply utilized to recount the sequence of the [Commonwealth's] investigation, in particular, how the DNA sample was obtained from [d]efendant." ***Id.*** at 518. ***See also Commonwealth v. DiNicola***, 581 Pa. 550, 866 A.2d 329, 337 (2005) (where defense counsel first created inference that Commonwealth's investigative efforts were minimal or one-sided, and where trooper testified both that defendant declined police interview and that defense counsel advised trooper that defendant denied allegations and would invoke right to remain silent, reference to silence was "circumspect," "limited to its context," and "not used in any fashion likely to burden [d]efendant's Fifth Amendment right" or create an inference of admission of guilt since prosecution made no further reference to defendant's silence, thus, defendant did not suffer prejudice); ***Commonwealth v. Whitney***, 550 Pa. 618, 708 A.2d 471, 478 (1998) ("Even an explicit reference to silence is not reversible error where it occurs in a context not likely to suggest to the jury that silence is the equivalent of a tacit admission of guilt.").

***Commonwealth v. Rivera***, 255 A.3d 497, 507 (Pa. Super. 2021)

Consistent with the foregoing, the record supports the trial court's determination that Trooper Wilson's testimony "resulted in *de minimis*, if any, prejudice." ***Rivera***, 255 A.3d at 507 (citations omitted); N.T. 5/5/21 at 51.

Trooper Wilson's testimony was "contextual and brief," occurring during questioning about how Trooper Wilson conducted his investigation and who he interviewed. **See Adams**, 104 A.3d at 518; **DiNicola**, 866 A.2d at 337; **see also** N.T., 5/5/21, at 49-51. The Commonwealth made no further mention of Appellant's pre-arrest silence or his invocation of right to counsel. **See Adams**, 104 A.3d at 515; **Rivera**, 255 A.3d at 508.

Finally, the trial court gave a curative instruction. The court advised the jury that Appellant,

> always has an absolute right in any trial to remain silent. [Defendants] are not required to testify, they're not required to present witnesses. I am telling you that you may not draw any inference of guilt from the fact that [Appellant] did not offer a statement to the investigating officer when he was requested to do so. He has an absolute right at that point and throughout to remain silent and you cannot draw any inference of guilt from the fact that he did not talk to the trooper on the day the officer questioned him.

N.T., 5/6/21, at 63. We presume a jury follows a court's instruction. **See Commonwealth v. Speight**, 854 A.2d 450, 458 (Pa. 2004). Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/20/2022

- 8 -