**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2629

_____

UNITED STATES OF AMERICA

v.

LAWRENCE BUSH,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cr-00285-001)
District Judge: Honorable John M. Gallagher

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Filed: October 30, 2023)

_____

OPINION*

_____

**BIBAS**, *Circuit Judge*.

Plain-error review requires a plain error, not just a plausible argument. And the appellant needs both the facts and the law on his side to prevail. Lawrence Bush has neither. So we will affirm his sentence for violating his supervised release.

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Bush robbed a string of banks and went to federal prison for more than two decades. In 2020, he was let out on three years' supervised release. Almost two years later, he threatened to stab a coworker while holding a blade. In state court, he pleaded guilty to simple assault, terroristic threats, and possessing an instrument of crime and was sentenced to time served.

But Bush also faced federal review. When a federal convict on supervised release commits a state crime, the federal sentencing judge must grade his supervised-release violation and punish him accordingly. The violation's grade tracks not the state crime *charged*, but the maximum penalty for the defendant's conduct that federal, state, or local law *authorizes*. U.S.S.G. §7B1.1 cmt. n.1. If a crime of violence carries a maximum prison term exceeding one year, the violation is Grade A; otherwise, it is Grade C. *Id.* §7B1.1(a).

The District Court found that Bush had committed a crime of violence with a maximum term longer than a year: simple assault involving physically menacing another. *See* 18 Pa. Cons. Stat. §2701(a)(3). Concluding that this violation was Grade A, the court resentenced him to two years in prison, followed by another year on supervised release.

On appeal, Bush now argues that the District Court graded the violation too high. Pennsylvania law lowers the maximum punishment for a simple assault down to one year if it is committed "in a fight or scuffle entered into by mutual consent." §§2701(b)(1), 106(b)(8). After Bush threatened the victim, the victim threw a "haymaker" that knocked him to the ground. App. 24–26. He claims that the victim's excessive force, even if in self-defense, amounts to mutual consent, lowering his maximum punishment and so the violation down to Grade C.

2

Bush never raised this objection below. Neither he nor his lawyer deliberately waived it. But by failing to raise it, he forfeited the claim. We review forfeited claims for plain error. *United States v. Olano*, 507 U.S. 725, 731–33 (1993); *see* Fed. R. Crim. P. 52(b).

The District Court did not err. Bush reads the statutory downgrade to cover his victim's later attempt to defend himself. But the statute does not say that. The downgrade applies only when a fight is "*entered into* by mutual consent." §2701(b)(1) (emphasis added). The combatants must consent to the fight up front. A victim who simply defends himself does not consent to a fight. That is what happened here.

Plus, mutual consent is an issue for the finder of fact. *Commonwealth v. Mathis*, 464 A.2d 362, 366 (Pa. Super. Ct. 1983). And the court's factfinding was reasonable. Even if Bush's reading of the statute were right, to apply this mitigator, we would have to find that the victim responded with excessive force. Bush argues that we can make that finding based on the surveillance video. True, a video can show clear error when it "blatantly contradict[s]" any alternative account of the incident. *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). But the video does not clearly show excessive force.

On the contrary, as the court noted, Bush "made a bee line" for the victim. App. 35. And though the video did not capture sound, Bush seemed to say something while holding a blade. Only then did the victim punch him. That one punch, though powerful, may have been reasonable to avoid being stabbed.

And even if the District Court should have viewed this punch as excessive, any error was not plain. Bush's reading of the statute is at best strained, not "clear" nor "obvious." *Olano*, 507 U.S. at 734.

3

Resisting this conclusion, Bush cites three Pennsylvania cases. He reads them as holding that excessive force in self-defense is mutual consent to a fight. But all three of the cases he cites are distinguishable. In one of them, the defendant claimed he was not the initial aggressor. *Commonwealth v. Coleman*, 496 A.2d 1207, 1210 (Pa. Super. Ct. 1985). In another, the defendant at first sought to prevent a fight, but her antagonist responded aggressively. *Commonwealth v. Shamsud-Din*, 995 A.2d 1224, 1225, 1230 (Pa. Super. Ct. 2010). And the third case turned on the highly deferential standard of review for a claim of insufficient evidence. *Commonwealth v. Norley*, 55 A.3d 526, 531–32 (Pa. Super. Ct. 2012). Thus, even if there were an error, it would not have been plain.

Finally, Bush argues that the District Court improperly based his sentence in part on retribution. But as he acknowledges, our precedent forecloses this argument. *See United States v. Young*, 634 F.3d 233, 234 (3d Cir. 2011). So we will affirm.