J-S30026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON MICHAEL HOFFMAN | : | |
| | : | |
| Appellant | : | No. 35 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 28, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001029-2021

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: DECEMBER 10, 2024**

Brandon Michael Hoffman ("Hoffman") appeals from the judgment of sentence following his convictions for, *inter alia*, aggravated indecent assault.[1] We affirm.

Based on our disposition, we need not recount the factual and procedural history of this case at length. The Commonwealth filed a criminal information charging Hoffman with aggravated indecent assault without consent, by forcible compulsion, with a complainant less than thirteen years old, and of a child, arising from Hoffman's abuse of his victim, C.F. **See** Amended Information, 7/31/23. The information alleged that on two

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3125(a)(1), (a)(2), (a)(7), (b).

occasions in May 2021, Hoffman penetrated the genitals of C.F., who was twelve years old at the time, forcibly and without her consent. *See id*.

Hoffman's case proceeded to a jury trial, where C.F. testified that, in one instance, Hoffman, the nephew of C.F.'s step-mother, put his hands in her underwear, when she was twelve, and "[t]ouched [her] vagina." N.T., 8/4/23, at 20. This occurred when no one else was in the residence, on the couch, while the two were watching movies. *See id*. C.F. told him to stop, and Hoffman did not, though he did cease touching her vagina after she slapped him away. *See id*. at 22. Because C.F. was afraid no one would believe her, she surreptitiously video recorded this incident. *See id*. C.F. testified to another instance where the two were in bed watching movies in a bedroom and Hoffman put a blanket on the two of them, then put his hand inside her pants again, and touched her vagina. *See id*. at 21. On cross-examination, when asked, "[I]sn't it true that his finger never went into your vagina?" C.F. replied, "That's not true." *Id*. at 37.[2] C.F. also agreed on re-direct that the vagina is "an opening in your body," and that Hoffman "touched that opening." *Id*. at 38-39.

At the conclusion of the trial, the jury found Hoffman guilty of all charged offenses, and in November 2023, the trial court sentenced him to an

---

[2] C.F., who was twelve when she testified at the preliminary hearing, stated at the preliminary hearing that Hoffman's finger had not gone into her vagina. *See* N.T., 8/4/23, at 38. Hoffman impeached C.F. with her prior inconsistent statement.

aggregate sentence of fifteen to thirty years in prison. ***See*** Trial Court Opinion, 2/26/24 (unnumbered at 1). Hoffman timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Hoffman raises the following issue for our review:

Was evidence insufficient to prove the defendant guilty beyond a reasonable doubt of four [] counts of aggravated indecent assault?

Hoffman's Brief at 7 (unnecessary capitalization omitted).

Our standard of review for sufficiency claims is as follows:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Arias***, 286 A.3d 341, 349 (Pa. Super. 2022) (internal citations omitted).

Hoffman challenges the sufficiency of the evidence for his four convictions for aggravated indecent assault. Hoffman's challenge to his four convictions, each of which concerns a different subsection of the statute, turns solely on the element common to all of the convictions, namely, "penetration, ***however slight***, of the genitals . . . of a complainant . . . ." 18 Pa.C.S.A. § 3125(a) (emphasis added); ***see also*** Hoffman's Brief at 13-15. "Digital penetration is sufficient to support a conviction for aggravated indecent assault." ***Commonwealth v. Widger***, 237 A.3d 1151, 1157 (Pa. Super. 2020) (internal citation omitted). Moreover, this Court has explained that the

statutory definition of "penetration" is satisfied where there is "entrance in the labia[.]" ***Commonwealth v. Gilliam***, 249 A.3d 257, 269 (Pa. Super. 2021) (internal citation and quotations omitted). "Labia" is the plural noun of "labium," which is defined as "[a]ny of four folds of tissue of the female external genitals." The American Heritage Dictionary of the English Language 980 (5th ed. 2018). The vagina is defined as "The passage leading from the opening of the vulva to the cervix of the uterus in female mammals." ***Id***. at 1900. Thus, one must enter the labia to touch the vagina. ***Accord Commonwealth v. Ortiz***, 457 A.2d 559, 561 (Pa. Super. 1983) (distinguishing penetration of the vagina from penetration of the labia, and concluding that "some penetration however slight" includes penetration of the labia). ***Accord Commonwealth v. Hawkins***, 614 A.2d 1198, 1200 n.1 (Pa. Super. 1992) (noting that "penetration, however slight" is not limited to penetration of the vagina; entrance in the labia is sufficient"). Lastly, the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant. ***See Gilliam***, 249 A.3d at 268.

Hoffman argues the "Commonwealth did not establish the requisite element of penetration of C.F.'s vagina . . . ." Hoffman's Brief at 13. While Hoffman acknowledges that penetration of the vagina is not required, and that penetration of the labia is sufficient, he nevertheless asserts that the Commonwealth "did not establish penetration of C.F.'s vagina." ***Id***. at 13-14. He argues C.F.'s testimony was too vague to establish penetration. ***See id***. at 14.

The trial court considered Hoffman's argument and concluded he is due no relief. The trial court set forth C.F.'s testimony wherein she stated that Hoffman on two occasions touched her vagina, and noted that C.F. responded affirmatively when asked at trial whether Hoffman had "touched that opening" in her body, *i.e.*, her vagina. Trial Ct. Op., 2/26/24 (unnumbered at 7-8).

Following our review, we conclude Hoffman's argument is meritless. Hoffman's argument rests on a misunderstanding of female anatomy. The labia and vagina are not coextensive. As explained above, penetration however slight of the genitals is satisfied by penetration of the labia; thus, penetration of the vagina is not required to sustain convictions of aggravated indecent assault. *See* 18 Pa.C.S.A. § 3125(a); *Gilliam*, 249 A.3d at 269. C.F. testified that on two occasions Hoffman touched her vagina, which she defined as an "opening in [her] body[.]" N.T., 8/4/23, at 38-39. In the light most favorable to the Commonwealth, as the verdict winner, C.F.'s testimony that Hoffman touched her vagina is sufficient to prove that Hoffman penetrated her labia. *See*, *e.g.*, *Gilliam*, 249 A.3d at 268, 269; *Ortiz*, 457 A.2d at 561; *Hawkins*, 614 A.2d at 1200 n.1. For the foregoing reasons, Hoffman is due no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/10/2024