J-A27045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WESLEY WAKEFIELD JR. | : | |
| | : | |
| Appellant | : | No. 606 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 18, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005152-2022

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: MARCH 26, 2025**

John Wakefield, Jr. appeals from the judgment of sentence entered following his convictions for statutory sexual assault, aggravated indecent assault of victim under age of 16, endangering the welfare of children, corruption of minors, and indecent assault.[1] Wakefield's counsel filed an **_Anders_**[2] brief and a petition to withdraw as counsel. We grant the petition to withdraw and affirm the judgment of sentence.

Wakefield was convicted following a December 2023 jury trial. The victim, R.W., testified that Wakefield, who is her adoptive father, "would, like, rub all over [her] body and, like, start, like, just -- it started with rubbing all over my body and then it progressively over the time it happened got worse."

---

[1] 18 Pa.C.S.A. §§ 3122.1(b), 3125(a)(8), 4304(a)(1), 6301(a)(1)(ii), and 3126(a)(8), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

N.T., Dec. 4, 2023, at 103-04. She stated she did not think anyone would believe her. *Id.* at 104. She testified he touched her "boobs, [her] butt . . . and then [her] vagina." *Id.* Initially, he touched her over her clothing, but it progressed to "not over top." *Id.* at 105. She stated that one time he came into the bathroom while she was showering, and "rubbed" her while she was taking a shower, including her chest and vagina. *Id.* at 105-06. She testified that when he touched her vagina with his fingers went inside her vagina "a little bit a couple of times" and would go in between the labia. *Id.* at 106. She testified that she placed a camera in her bedroom to record an interaction, and "laid on [her] bed and let everything happen that happened." *Id.* at 110-11. She testified that he started "rubbing" all over her and rubbed his body against hers, and rubbed his penis against her. *Id.* at 112. She stated that the video shows Wakefield and her fully clothed, but after the video stopped he removed his pants and her pants and rubbed his penis on her vagina. *Id.* at 113. She testified his penis did not go into her vagina, but did go past the labia. *Id.* at 113-14. She stated Wakefield also used his hand to touch her vagina. *Id.* at 114. The victim testified she put the camera's SD card with the video in an envelope and left it in her neighbor's mailbox.[3] *Id.* When the

_____

[3] At trial, Police Officer Amy Dittman testified that she responded to a call for a past sexual assault. She brought the victim and two other individuals to the police station, where she viewed a video of Wakefield engaging in actions of sexual intercourse, while fully clothed. N.T., Dec. 4, 2023, at 60-62, 68-69. The Commonwealth played the video for the jury. *Id.* at 69.

(Footnote Continued Next Page)

neighbor saw the video, he took the victim and her sister and called the police. *Id.* at 115.

The parties stipulated that the victim was 15 years old at the time of the incidents and Wakefield was more than 31 years older than her, the victim was Wakefield's adopted daughter, and the victim and Wakefield were not, and had never been, married. *Id.*

Wakefield testified. He denied that he sexually assaulted the victim and claimed the video depicted wrestling. N.T., Dec. 5, 2023, at 303-08.[4]

The jury convicted Wakefield of the above-referenced offenses. The court sentence Wakefield to an aggregate sentence of five to 12 years' incarceration. He filed a post-sentence motion, which the court denied. Wakefield appealed.

Wakefield's counsel filed an *Anders* brief and petition to withdraw as counsel. "When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287,

---

The video is not part of the certified record. At sentencing, the court described the video as depicting Wakefield "lay the child onto the bed, spread her legs, crawl in between and while grasping her breasts repeatedly thrust his groin into hers over and over and over." N.T., Mar. 18, 2024, at 16. The testimony of the victim and others describing the video supports this description.

[4] The jury also heard testimony from the victim's neighbor John Kennedy, Detective Matthew Leddy, Lancaster County Children's Alliance worker Kim Hine, Lancaster County Children and Youth employee Megan McCormick, Wakefield's wife Jennifer Wakefield, Wakefield's sister Brenda Lightcap, and Wakefield's daughter Brianna Wakefield.

290 (Pa.Super. 2007) (*en banc*). To withdraw pursuant to **Anders**, counsel must: 1) petition the court for leave to withdraw stating that, after a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the client; and 3) advise the client that he or she has the right to retain other counsel or proceed *pro se*. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

> Counsel must also provide the following in their **Anders** brief:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Where counsel meets these requirements, we must then conduct a "full examination of all the proceedings" to determine whether any non-frivolous issues exist. **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa.Super. 201) (*en banc*) (citation omitted).

Here, counsel filed an **Anders** brief that complies with all the above requirements. In his **Anders** brief, counsel has provided a summary of the procedural and factual history of the case with citations to the record. He identifies issues that could arguably support the appeal and articulates why the appeal is frivolous, with citations to controlling case law and to the record.

Additionally, counsel served Wakefield with a copy of the **Anders** brief and advised him of his right to proceed *pro se* or to retain private counsel to raise any additional issues he deemed worthy of this Court's review.

We now proceed to the issues counsel has identified—sufficiency of the evidence, legality of sentence, and discretionary aspects of sentence. We first will address the sufficiency of the evidence. When reviewing a sufficiency challenge, we "evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Sebolka**, 205 A.3d 329, 336-37 (Pa.Super. 2019) (citation omitted). Evidence is sufficient where the Commonwealth has proven each element of the crime beyond a reasonable doubt. **Id.** at 337. The Commonwealth may meet its burden "by means of wholly circumstantial evidence." **Id.** (citation omitted). Additionally, the fact finder "is free to believe all, part, or none of the evidence." **Id.** (quoting **Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011)).

A jury convicted Wakefield of statutory sexual assault, aggravated indecent assault, endangering the welfare of a minor, corruption of minors, and indecent assault.

Under the applicable subsection, a person is guilty of statutory sexual assault "when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3122.1(b). "Sexual intercourse" "[i]n addition to its

ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

A person commits aggravated indecent assault under the applicable subsection if the person "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" and "the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3125(a)(8).

Here, the parties entered a stipulation that the victim was 15 years of age, that Wakefield was more than 31 years older than her, and that the victim and Wakefield had never been married. Further, the victim testified that Wakefield had rubbed his penis on her vagina and his penis went past the labia, which constitutes sexual intercourse, as it is penetration however slight. ***Commonwealth v. Ortiz***, 457 A.2d 559, 561 (Pa.Super. 1983) (distinguishing penetration of the vagina from penetration of the labia, and concluding that "some penetration however slight" includes penetration of the labia). Further, the victim testified that Wakefield's fingers went past the labia of her vagina, which establishes penetration of her body with his body. ***Id.*** There is no reasonable basis to argue that the evidence was insufficient to support convictions for statutory sexual assault and aggravated indecent assault.

The endangering the welfare of a minor statute provides that "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1). The parties stipulated that the victim was under the age of 18 and that Wakefield was her adopted father. The assaults happened while the victim lived in Wakefield's home as his daughter. In view of the victim's testimony of the assaults and the video entered into evidence, there is no reasonable basis for arguing that the evidence was insufficient to establish that Wakefield violated his duties of care, protection and support.

The corruption of minors statute provides: "Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age. . . commits a felony of the third degree." 18 Pa.C.S.A. § 6301(a)(ii). The victim testified that Wakefield sexually assaulted her on numerous occasions in various locations within their home. The sufficiency challenge to the corruption of minors conviction is frivolous.

A person is guilty of indecent assault where "the person has indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3126(a)(8). The parties stipulated that the victim was under 16 and

Wakefield was more than four years older than her, and that the victim and Wakefield were not married. Further, the victim's testimony described the assaults, including that he touched her "boobs," butt and vagina, his fingers went into her vagina, and his penis rubbed against her vagina. The sufficiency challenge to the indecent assault conviction is frivolous.

We next address whether Wakefield received an illegal sentence. A sentence is illegal if there is no statutory authority for the sentence or if the sentence exceeds the statutory maximum. ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013). Here, the sentence imposed was authorized by statute and did not exceed the maximum sentence. Any challenge to the illegality of the sentence is frivolous.

The final issue raised by counsel addresses the discretionary aspects of sentence.[5] "Sentencing is a matter vested in the sound discretion of the

_____

[5] An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019); ***see also*** Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence"). Here, Wakefield filed a post-sentence motion and filed a timely appeal. Counsel did not include a Rule 2119(f) statement in the ***Anders*** brief, but "we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [an a]ppellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015) (internal
*(Footnote Continued Next Page)*

sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

There is no reasonable basis on which to argue that the trial court abused its discretion in fashioning Wakefield's sentence. The court had a pre-sentence report, heard argument from counsel, read 22 letters in support of Wakefield, and a statement from the victim. It imposed sentences within the sentencing guideline range. In doing so, it reasoned:

> Under the law, I must select a sentencing option which is consistent with the protection of the public, the gravity of the underlying crimes as they relate to the victim, and, of course, the defendant's rehabilitative needs. And in doing so I've considered the nature and circumstance of the underlying crimes, information I have about you from your

citations omitted). In his post-sentence motion, Wakefield argued that the court imposed a sentence that exceeded the typical sentence for most crimes and failed to consider evidence in his favor. Post Sentence Motion, filed Mar. 27, 2024, at 8-11. Such a claim can raise a substantial question. ***See Commonwealth v. Snyder***, 289 A.3d 1121, 1126 (Pa.Super. 2023) (appellant raised substantial question where she argued court disregarded rehabilitative potential and sentenced her to a manifestly excessive sentence).

-- from the statements of your attorney, my observations of you during the trial, letters written on your behalf and the presentence investigation, and of course I consider sentencing guidelines which must be applied as a matter of law.

Now, I've considered all of these factors and I impose sentence for the following reasons:

The defendant is 48 years of age which shows sufficient maturity to understand the significance of his acts.

The defendant is intelligent enough to understand the significance of his acts since he's a high school graduate.

The defendant has no prior criminal convictions and does have a verifiable employment history demonstrating he could be a productive member of the community if and when he so chooses.

I've considered the presentence report in detail, the guidelines of the Sentencing Code and the sentencing guidelines presented.

I've considered the penalties authorized by the legislature, character of the defendant, arguments of both counsel, and statements and letter of the victim and the letter of the defendant.

I've read and considered the 22 letters of support. I've received 22 that were attached to the PSI.

Because of the predatory nature of the defendant's conduct and the age of the victim, I believe that society needs to be protected and there needs to be a deterrence. Incarceration is warranted because a lesser sentence would depreciate the seriousness of the crimes, and I believe the defendant's in need of correctional treatment that can be most effectively provided by his commitment to an institution.

Too often in cases like this the child who is victimized assumes a sense of guilt or responsibility for what has occurred and what's about to happen today. But let me assure you that what this man did and the sentence he's about to receive is not your fault.

You did nothing wrong. You were victimized by a criminal. You were victimized, but never think of yourself as a victim. It took enormous courage to come forward and do what you did. I sit here today in awe of your strength, proud of your conduct, humbled by your decency and compassion.

As I said, while you may have been victimized, you're not a victim. In my book you're a hero.

Now, today doesn't mean that the hurt will be behind you. Clearly it is not and may never fully be behind you. But take a moment and look next to you. You see people who truly love you, truly support you, truly care for your well-being. When times get tough, when memories of his conduct begin to come back, remember the support and love that you've received today, and that's something no one, especially him, can ever take away.

Now, if it was in my powers as a judge to somehow undo what was done, I would gladly do so. However, my authority is clearly temporal. So all I can do is address the defendant's conduct under the law and punish accordingly. Rest assured, I'm about to do so.

But know also that any future action or procedures related to this case must pass through me so long as I'm a judge, and rest assured I will remember him.

For those of you who are here in support of the defendant and those of who you spoke in support of the defendant, let me tell you, while everyone mentioned what a good person he is and you all asked for my mercy, no one, no one mentioned passing along any of that grace or mercy or love or kindness to the child who was abused and attacked by this man.

Perhaps all that support will be some help to him while he serves his sentence and after that.

But know this: What the man did and the sentence he's about to receive is all his own doing. The child he abused, the child he molested, did nothing wrong. To the contrary, she was victimized by a criminal. While many of you and many of the letters say you can't imagine him doing what he was accused of doing, remember this, he isn't accused. He was convicted by a unanimous jury of his peers. A jury

who, in fact, got to watch him on video lay the child onto the bed, spread her legs, crawl in between and while grasping her breasts repeatedly thrust his groin into hers over and over and over.

Never forget that, and perhaps for once you might include her in your thoughts and prayers.

N.T., Mar. 18, 2024, at 12-16.

The trial court considered all the evidence and did not abuse its discretion in imposing the sentence. A challenge to the discretionary aspects of sentence would be frivolous.

We have conducted an independent review of the record and conclude there are no non-frivolous issues for appeal.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025