J-A09042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORN CHAMPLIN | : | |
| | : | |
| Appellant | : | No. 1203 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 3, 2024
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000179-2023

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: June 24, 2025**

Lorn Champlin ("Champlin") appeals from the judgment of sentence imposed following his jury convictions of aggravated indecent assault, indecent assault, corruption of minors, and unlawful contact with a minor.[1] After review, we affirm.

The trial court summarized the factual history of this case as follows:

On May 1, 2023, a Report of Suspected Child Abuse to Law Enforcement Official . . . form was received by the Warren barracks of the Pennsylvania State Police [("PSP")]. This form, sent by Warren County Children and Youth Services ("CYS"), indicated that a juvenile, Z.S. [("the Victim")], was allegedly inappropriately touched by [her mother's friend, Champlin, who was sixty-three years old at the time of the report].

---

[1] *See* 18 Pa.C.S.A. §§ 3125(a)(1), (7), (b), 3126(a)(7), 6301(a)(1)(ii), 6318(a)(1). As we discuss *infra*, Champlin incurred three convictions of aggravated assault, each under a different subsection of the aggravated assault statute.

On May 4, 2023, a forensic interview was conducted by Melissa McLean [("McLean")], Director of the Warren County Children's Advocacy Center ("CAC"). During the interview, [the] Victim, age eight . . . and nine . . . years old at the time of the offenses, disclosed that while at [Champlin's] residence, [he] touched her breast area and vaginal area on more than one occasion. [The] Victim also disclosed that [Champlin] used his fingers and penis to touch her breast area and penetrate the [V]ictim's vaginal area during these incidents. These offenses were alleged to have occurred between March 29, 2020 and March 28, 2022. [This interview ("CAC interview") was video recorded.]

Trial Court Opinion, 10/15/24, at 1-2 (paragraph break added and another paragraph break omitted).

The Commonwealth charged Champlin with, *inter alia*, two counts of each of the following: rape of a child; aggravated indecent assault — without consent; aggravated indecent assault — child less than thirteen years of age; aggravated indecent assault of a child; indecent assault — child less than thirteen years of age; corruption of minors; and unlawful contact with a minor.

This matter proceeded to a jury trial. The Commonwealth adduced testimony from the Victim, her mother, PSP Corporal Jason Wagner, who investigated this matter, and McLean, who conducted the CAC interview of the Victim. Briefly, and pertinent to this appeal, the Victim, who was twelve years old at the time of trial, testified that when she was eight years old, Champlin "took [both their clothes] off" and his "penis touched [her] vagina" while he "was on top of" her. N.T., Jury Trial, 5/29/24, at 50, 52-53. When the Commonwealth asked if Champlin's penis touched inside her body, outside her body, or both, the Victim responded that she did not remember. ***See id***.

at 53. However, on cross examination, the Victim testified that Champlin's penis felt "weird" and his body "was moving" when it touched her vagina. *Id*. at 67-68.

The Commonwealth called the Victim's mother, who testified that she called CYS after seeing the Victim straddle Champlin in "like a lover's caress" as he "rub[bed] down to like her bottom" in a sexualized manner. *Id*. at 87, 93. The Victim's mother became concerned about the Victim's behavior because:

> Around July [2020, the Victim] began taking her Barbie dolls and making them naked, putting them in sexual positions, and then her favorite Barbie doll she had the legs spread open, she put a piece of tissue paper and with a red marker put a dot and laid the tissue paper between the Barbie doll's legs.

*Id*. at 87-88, 93.

The Commonwealth next called McLean as a witness and stated that it intended to play the video of the Victim's CAC interview during her testimony. Champlin objected, arguing that the interview was cumulative evidence of the Victim's in-court testimony. The court heard argument and ruled that the Victim's CAC interview was admissible pursuant to the Tender Years Hearsay Act.[2] The Commonwealth thus examined McLean and played the Victim's CAC

---

[2] *See* 42 Pa.C.S.A. § 5985.1(a)(1)(i)-(ii) (providing that an out-of-court statement, made by a child victim or witness when they were sixteen years of age or younger, describing a sexual offense, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if: (i) the court finds, in an *in camera* hearing, that the evidence
*(Footnote Continued Next Page)*

interview for the jury.[3]  The Commonwealth also presented two "diagrams" that McLean used with the Victim during the CAC interview to "clarify body parts."  N.T., 5/29/24, at 135, 137, 139.

The Commonwealth then rested its case in chief.  Champlin made several oral motions for judgment of acquittal, initially requesting dismissal of some counts.  While the trial court granted relief as to some counts,[4] it denied relief as to two counts of rape of a child.  The trial court found that the Commonwealth presented sufficient evidence of "two separate instances of penetration by [Champlin's] penis."  *Id*. at 148.

Champlin then moved for acquittal on all the remaining charges: aggravated indecent assault — without consent, aggravated indecent assault — child less than thirteen years of age, aggravated indecent assault of a child, indecent assault, corruption of minors, and unlawful contact with a minor.  He argued that the Commonwealth did not present testimony to support

_____

is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and (ii) the child either testifies at the proceeding or is unavailable as a witness).

[3] Neither the trial transcripts nor the certified record contains a transcription of the Victim's CAC interview.

[4] The trial court first dismissed one count of each of the following charges: aggravated indecent assault — without consent, aggravated indecent assault — child less than thirteen years of age, aggravated indecent assault of a child, indecent assault — child less than thirteen years of age, corruption of minors, and unlawful contact with a minor.  The trial court reasoned that "[t]here was absolutely no testimony about digital penetration of the alleged [V]ictim's vagina."  N.T., 5/29/24, at 145.

"penetration [by] the penis at all."[5] *Id*. at 149. In response, the Commonwealth argued that, at trial and during the CAC interview, the Victim stated that Champlin's penis touched her vagina which was "enough for the jury to make a determination that she was penetrated however slight." *Id*. The trial court denied Champlin's motion of acquittal for the remaining charges.

Champlin did not testify or present evidence on his own behalf. During closing argument, Champlin claimed that the Commonwealth failed to present "proof of penetration." *Id*. at 161-62. Champlin contended that in both the trial and the CAC interview, the Victim's testimony lacked sufficient details to show that he penetrated her vagina with his penis. *See id*. at 163.

The Commonwealth responded that during the CAC interview, the Victim did not hesitate when she pointed to the vagina on the diagram as the area where Champlin's penis touched her. *See id*. at 167. The Commonwealth argued that during the trial, the Victim testified that when she was eight years old, Champlin removed their clothes, and laid on top of her while his penis touched her vagina. *See id*. at 168. The Commonwealth reminded the jury that during her CAC interview, the Victim twice repeated the same version of events. *See id*. at 170.

---

[5] As we discuss *infra*, the element of penetration appears only in the charges of aggravated indecent assault.

The jury found Champlin guilty of one count each of: aggravated indecent assault — without consent; aggravated indecent assault — child less than thirteen years of age; aggravated indecent assault of a child; indecent assault — child less than thirteen years of age; corruption of minors; and unlawful contact with a minor. The jury found Champlin not guilty of both counts of rape of a child.

On August 3, 2024, the trial court imposed a sentence of thirty-two to sixty-four years' incarceration, followed by twelve years' probation. The court directed both sentences to run consecutively to his sentence imposed at unrelated trial docket CP-62-CR-0000177-2023 ("Docket 177").[6]

Champlin filed a timely notice of appeal. Both Champlin and the trial court complied with Pa.R.A.P. 1925.

On appeal, Champlin raises the following issues for our review:

1. Did the trial court err in allowing the Commonwealth to play the CAC interview as substantive evidence, as it was hearsay?

2. Did the trial court err in denying [Champlin's] motion of acquittal as to the remaining counts as there was no evidence presented that there was any penetration as required in the elements of the crimes?

Champlin's Brief at 4.

_____

[6] The charges at Docket 177 arose from Champlin's sexual abuse of another child victim. The trial court imposed a sentence of forty to eighty years' incarceration, followed by six years' probation. Champlin filed a direct appeal, which this Court listed at docket 942 WDA 2024. This panel has affirmed the judgment of sentence at that appeal.

- 6 -

In Champlin's first issue, he argues that the trial court abused its discretion when it allowed the Commonwealth to play the CAC interview as substantive evidence. We first determine whether Champlin properly preserved and developed this issue for our review. This Court has stated:

> [Pennsylvania Rule of Appellate Procedure 2119 states] unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

*Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted); *see also* Pa.R.A.P. 2101, 2119(a)-(c).

In the argument section of his brief for this issue, Champlin's discussion is, in sum: "The court abused its discretion in allowing the Commonwealth to admit and play for the jury, the CAC recorded interview. The recording of the CAC interview was inadmissible hearsay." Champlin's Brief at 10. Champlin then includes one sentence, stating the appellate standard of review for an evidentiary ruling.

Champlin fails to develop any argument or citation to authority to support his assertion. *See Martz*, 232 A.3d at 811. We thus conclude he has waived this issue pursuant to Rule 2119(a). *See id*.; *see also* Pa.R.A.P. 2119(a).

In Champlin's second issue, he argues that the trial court erred in denying his motion for acquittal because the evidence was not sufficient to establish the element of penetration required for the crimes charged. It is well-settled:

> A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge. Therefore, in usual circumstances, we apply the following standard of review to sufficiency claims which arise in the context of a motion for judgment of acquittal:
>
>> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence***.

***Commonwealth v. Stahl***, 175 A.3d 301, 303-04 (Pa. Super. 2017) (citations and quotation marks omitted and emphasis in original).

Champlin's three convictions for aggravated indecent assault arose under the following three subsections of Section 3125:

> ***(a) Offenses defined.*** — [A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent; [or]

* * * *

(7) the complainant is less than [thirteen] years of age[.]

* * * *

***(b) Aggravated indecent assault of a child.*** — A person commits aggravated indecent assault of a child when the person violates subsection (a)(1) . . . and the complainant is less than [thirteen] years of age.

18 Pa.C.S.A. § 3125(a)(1), (7), (b).

"It is clearly established that there is no requirement that penetration reach the vagina, or farther reaches of the female genitalia." ***Commonwealth v. Trimble***, 615 A.2d 48, 50 (Pa. Super. 1992) (quotation marks omitted). Rather, our case law indicates that "entrance in the labia is sufficient" to establish "penetration, however slight." ***Commonwealth v. Ortiz***, 457 A.2d 559, 560-61 (Pa. Super. 1983).

Furthermore, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Bishop***, 742 A.2d 178, 189 (Pa. Super. 1999); ***see also Trimble***, 615 A.2d at 50 (observing that the testimony of child victim alone is sufficient to support conviction for sex offenses).

This Court has found that circumstantial evidence can establish penetration. ***See Commonwealth v. Gilliam***, 249 A.3d 257, 269 (Pa. Super. 2021) (holding that the victim's testimony established that she felt her

underwear being pushed inside her vagina established penetration, however slight, to support aggravated indecent assault conviction); *see also* ***Commonwealth v. Burns***, 988 A.2d 684, 694 (Pa. Super. 2009) (*en banc*) (finding that the victim's testimony that she felt a "poke" and "slight penetration" was deemed sufficient to prove the "however slight" element of penetration required for the charged crime of aggravated indecent assault).

Champlin argues that the trial court erred in denying his motion for judgment of acquittal for each of the charges of aggravated indecent assault — without consent, of a child less than thirteen years of age, and of a child — because the Commonwealth failed to present testimony that he penetrated the Victim's vagina with his penis.[7] ***See*** Champlin's Brief at 10-11. Champlin challenges the trial court's conclusion that circumstantial evidence is sufficient to prove penetration. ***See id***. at 11. Champlin also challenges the trial court's

_____

[7] Champlin also argues there was no evidence of penetration to support rape of a child, indecent assault, corruption of minors, and unlawful contact with a minor. ***See*** Champlin's Brief at 10. We reiterate however, that the jury found him ***not guilty*** of rape of a child. Additionally, penetration is not an element of the latter three offenses. ***See*** 18 Pa.C.S.A. §§ 3126(a)(7) (defining indecent assault of a child less than thirteen years of age as, *inter alia*, having indecent contact with the complainant), 6301(a)(1)(ii) (defining corruption of minors as performing any act that corrupts or tends to corrupt the morals of any child under the age of eighteen). 6318(a)(1) (criminalizing the act of having intentional contact with a minor for the purpose of engaging in prohibited activities, including various enumerated sexual offenses); ***see also*** 18 Pa.C.S.A. § 3101 (defining "indecent contact" as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person"). Accordingly, the challenges to these offenses are meritless.

reasoning that the Victim's testimony at trial was enough "for the jury to determine whether penetration occurred[.]." *Id*. at 13. Champlin maintains that the Victim did not testify whether his penis was "even erect[,]" and that she could not remember whether it "touched on the inside of her body, outside her body, or both." *Id*. at 12-13.

In its opinion, the trial court determined that it properly denied Champlin's motion for acquittal on the charges of aggravated indecent assault. The trial court reasoned:

> [These] counts require the element of penetration, which [Champlin] argued that the Commonwealth did not present testimony to support. In response, the Commonwealth argued that [the] Victim's testimony at trial and at her forensic interview[,] that [Champlin's] penis touched her vagina[, was] enough for the jury to decide that she was penetrated, however slight. This court agrees. In reasoning, this court found that the genitals of a male touching the genitals of a female is enough to let the jury determine whether there is penetration. . . .
>
> Penetration may be proven by circumstantial evidence. . . .
>
> [Champlin] contends that the [V]ictim did not, at any point, specifically testify that there was penetration. While penetration is required, there is no requirement that penetration reach the vagina. Rather, entrance in the labia is sufficient to constitute penetration, however slight. [*Ortiz*, 457 A.2d at 561]. Here, [the] Victim testified that "[Champlin's] penis touched my vagina." When asked if [Champlin's] penis touched inside her body, outside her body, or both, [the] Victim responded that she did not remember. However, this statement is not a barrier to sending the remaining charges to a jury. [The] Victim's testimony that [Champlin's] penis "touched" her vagina is enough to submit to the jury the question of whether this touching constituted penetration, however slight, in light of the holding in *Ortiz*. . . .

Trial Court Opinion, 10/15/24, at 15-16 (unnecessary capitalization, some citations, and footnote omitted).

We conclude, in the light most favorable to the Commonwealth as the verdict winner, that the evidence sufficed to support Champlin's jury convictions of all three counts of aggravated indecent assault — without consent, of a child less than thirteen years of age, and of a child. *See Stahl*, 175 A.3d at 303-04. We note that Champlin does not present any argument regarding the Victim's statements in the CAC interview and only discusses her trial testimony. The record evidence contradicts Champlin's bald claim that the Commonwealth presented no testimony of penetration. The Victim stated unequivocally, at trial and in the CAC interview, that when she was eight years old, a naked Champlin undressed her, laid on top of her, while his penis touched her vagina and his body was "moving," which felt "weird." *See Ortiz*, 457 A.2d at 561. Although the Victim did not directly testify that Champlin engaged in "penetration," her testimony and CAC interview statements were sufficient to permit a "reasonable inference" that Champlin engaged in "slight" penetration of the Victim's genitals within the meaning of section 3125(b). *See id*.; *see also Trimble*, 615 A.2d at 50; *Bishop*, 742 A.2d at 189. Accordingly, there was sufficient evidence for the jury to conclude that Champlin penetrated her vagina, however slight. *See* 18 Pa.C.S.A. § 3125(a)(1), (7), (b); *see also Gilliam*, 249 A.3d at 269; *Burns*, 988 A.2d at

694. Therefore, the trial court properly denied Champlin's motion for judgment of acquittal. Thus, we affirm Champlin's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/24/2025